IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ADAM DERITO

      Plaintiff,

v.

UNITED STATES AIR FORCE ACADEMY; KRISTEN NICOLE HENLEY PRICE; "JOHN DOES" 1-50

      Defendants.

_____

**COMPLAINT AND JURY DEMAND**

_____

      Plaintiff Adam DeRito ("SPC DeRito"), by and through his attorneys Clayton W. Barnett of Cantafio Law, P.C. and Matthew J. Greife of The Law Offices of Matthew J. Greife, aver and allege as follows:

**INTRODUCTION**

1.      SPC DeRito enrolled in the United States Air Force Academy (the "USAFA") on or about June 28, 2006.

2.      As a student at the USAFA, SPC DeRito completed all academic requirements, and was expected to graduate on May 25, 2010.

3.      14 SEPT 2008: After, and as a result of, receiving two official reprimands during his tenure at the USAFA (the "Misconduct Allegations") (the basis of which SPC DeRito denied), SPC DeRito was pressured into, and reluctantly agreed to, becoming an informant for the

USAFA Special Investigations Unit ("CI Assignment") in order to mitigate his punishment for the Misconduct Allegations.

4.      14 SEPT 2008 - 25 MAY 2010: In his role as a Confidential Informant ("CI") SPC DeRito reported incidents of rule-breaking, sexual assault, and other violations against other cadets, athletes and others with high social and political standing within the Academy.

5.      3 MAY 2009: During the CI Assignment, and before the Disenrollment (as defined below), SPC DeRito reported that he was sexually assaulted as a Cadet at the USAFA (the "Sexual Assault Report").  Upon information and belief, no investigation was conducted, and no action was taken, by the USAFA with respect to the Sexual Assault Report.

6.      APRIL 2010: After the sexual assault report, and after a large undercover operation for USAF Office of Special Investigations at the United States Air Force Academy Preparatory School, SPC DeRito was given an Article 15 (Non-Judicial Punishment) for Fraternization by General Samuel Cox.

7.      MAY 2010: Shortly before graduation, a disenrollment proceeding was held based upon the Misconduct Allegations, despite SPC DeRito agreeing to become a CI and performing his duties.

8.      25 JUNE 2010: Based on the findings in the disenrollment proceeding, SPC DeRito was disenrolled from the USAFA (the "Disenrollment"), and ordered to pay approximately $260,000 for educational reimbursements, and has had his wages garnished.

9.      Since the Sexual Assault Report and Disenrollment, SPC DeRito has been the subject of fraudulent, retaliatory and defamatory actions, including the falsification of SPC DeRito's medical records, and stonewalling by the USAFA.

10.     10 APRIL 2015: SPC DeRito has since enlisted in the Colorado Army National Guard ("CANG").  SPC DeRito has proven to be a remarkable soldier while attached to the 5th Battalion - 19th Special Forces Group as a 92R – Parachute Rigger. SPC DeRito has been placed in charge of life-saving equipment for Special Forces soldiers, and members of the 5/19 Forward Support Company (FSC); an extremely important position within the unit.

11.     APRIL 2017: SPC DeRito had received all the necessary letters of recommendation from the 5/19 SFG and received high scores on the Army flight exam (SIFT). During the screening process to become a Warrant officer and attend flight school for the Utah National Guard as an Apache helicopter pilot, SPC DeRito was informed that he had received multiple, adverse, Falsified Medical Records from his time at the USAFA (the "Falsified Medical Records").

12.     APRIL 2017: After investigating this report, it was determined that the Falsified Medical Records were placed on SPC DeRito's record one (1) year after the Disenrollment, by Kristin Nicole Henley Price ("Defendant Henley Price").

13.     APRIL 2017: Furthermore, Defendant Henley Price was not a licensed psychologist at the time of the Falsified Medical Records. She had not interviewed, screened, nor met SPC DeRito during his time at the USAFA. Upon information and belief, the fabrication of the Mental Health Diagnosis was done to harm SPC DeRito and prevent his further service in the Armed Forces.

14.   APRIL 2018: Requests for information pertaining to the Falsified Medical Records and to correct their contents have been ignored by the USAFA.

15.   JUNE 2018: As set forth in more detail below, the actions by the USAFA in denying SPC DeRito of his degree were arbitrary, and capricious. This represents a retaliatory action against SPC DeRito by the USAFA personnel. These actions further violated DeRito's due process rights, his contract with the USAFA, and the policies of the USAFA that govern this matter.

16.   Further, as set forth in more detail below, the actions of the USAFA, Superintendent Lt. Gen Michael Gould, SPC DeRito's chain of command, and Defendant Henley Price were fraudulent, defamatory and done with the intention of harming SPC DeRito.

**SPC DERITO HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES**

17.   Since his Disenrollment, SPC DeRito has filed two administrative actions with the USAFA.  A decision was rendered by the USAFA without a hearing on or about May 2013, and only covered some of the claims made in this action.

18.   SPC DeRito filed a second administrative action against the USAFA on or about June 2017, and an addendum on February 2018.

19.   To this date, the United States Air Force has not made any decisions on the filings.

20.   SPC DeRito has filed administrative requests to remove the false, defamatory, inconsistent medical information and psychological diagnoses entered into his military USAFA medical record a full year after he had left the USAFA, by a USAFA "psychologist" who had never

even seen Adam DeRito and has caused him substantial professional and economic harm. With the support of the 5/19 SFG chain of command, the Colorado Army National Guard has reopened SPC DeRito's Sexual Assault Case in hopes of helping SPC DeRito's resolution of his case against the USAFA. All requests by Captain Ian Connors and the Colorado Army National Guard have been ignored.

21.     Six months has lapsed since the filing of this second administrative complaint with no action on the complaint by the USAFA.  By operation of law, SPC DeRito has complied with the rule that he exhaust his administrative remedies, and this case is ripe for adjudication in the United States District Court for Colorado on each of the counts.

### PARTIES

22.     The USAFA, located in Colorado Springs, CO, is one of four military academies that provide young men and women the opportunity to earn a college degree and become an officer serving in the United States Air Force, Army, Navy, Marine Corps or Coast Guard.

23.     Defendant Henley Price, who prepared the Falsified Medical Records (after the Disenrollment and prior to becoming and licensed psychologist) without meeting SPC DeRito, is, upon information and belief, a resident of Fannin County Texas and is currently stationed at Randolph Air Force Base in San Antonio, TX.

24.     John Does 1-50 are currently unknown, unidentified parties that may have participated in the Causes of Action pertaining to Conspiracy to Commit Fraud and Conspiracy to Defame.

## JURISDICTION AND VENUE

25.     This court has jurisdiction and venue under 28 USC § 1331 and 28 USC § 1391 et seq.

## ALLEGATIONS

### I.     SPC DeRito's Enrollment in the USAFA and the "Bulldog Program"

26.     For the majority of Cadets attending, and completing their training, at the USAFA they will become commissioned officers in the United States Air Force.

27.     Not all Cadets attending the USAFA will become commissioned Air Force officers – some will choose to 'cross-commission' in a different branch of the military.

28.     In order to cross-commission, Cadets must complete their academic training at the USAFA, or other military institution, and successfully complete all of the supplemental training required by the sister branch of the military in which the Cadet wants to cross-commission.

29.     The USAFA hosts the "Bulldog Program," a six-month program that allows USAFA Cadets to begin the process of cross-commissioning into the United States Marine Corps (hereinafter "USMC").

30.     During the six-month "Bulldog Program" Cadets work with the USMC liaison attached to the USAFA and prepare to attend USMC Officer Candidate School (hereinafter "USMC-OCS").

31.     In order to be cross-commissioned into the USMC, Cadets must obtain their degree from the USAFA and successfully complete the "Bulldog Program" and USMC-OCS, as well as be recommended for cross commission by this Marine OCS chain of command.

32.     SPC DeRito signed his commitment to attend the USAFA from 2006 to 2010 (Exhibit 1).

33.     SPC DeRito was selected to become cross-commissioned in the USMC, successfully completed the "Bulldog Program", and USMC-OCS, serving as the Candidate Company Commander for Gulf Company at Brown Field between May and July of 2009.  SPC DeRito received all required letters of recommendation and was elected by the USAFA to switch branches of service on "100's Night". SPC DeRito completed all required courses and maintained an acceptable GPA and physical fitness standards (Exhibit 2).

## II.     SPC DeRito's Misconduct Allegations and Subsequent CI Assignment

34.     While at the USAFA, SPC DeRito was alleged to have violated USAFA regulations. (Exhibits 3 through 6).

35.     SPC DeRito received an official reprimand for "misuse of government network." For this offense, SPC DeRito received 90 demerits, placed on temporary base restrictions and was put on, and successfully completed, conduct and aptitude probation.

36.     SPC DeRito received an official reprimand for having a bottle of Kahlua in his room. SPC DeRito received 30 demerits and was placed on restrictions, which he did not violate.

37.     SPC DeRito was alleged to have engaged in an "email war" with fellow cadets. However, he was cleared of wrongdoing and no official punishment was enacted.

38.     SPC DeRito received a non-judicial punishment under Article 15 of the Uniform Code of Military Justice (hereinafter "UCMJ") for violation of a no-contact order and having an unprofessional relationship with a USAFA Preparatory School Cadet.

39.     Based upon these allegations (which SPC DeRito denied), SPC DeRito agreed to become
        a CI in exchange for a lightened punishment.

40.     As a result, SPC DeRito was ordered to forfeit $480.00 of pay for 2 months and put on
        base restriction for 60 days for the violation of the no-contact order.

41.     SPC DeRito was officially reprimanded and had his ability to be a commissioned officer
        called into question for the very first time and informed that: "*Further misconduct will
        trigger prompt and more severe disciplinary actions.  I fully expect that this type of
        behavior will not be repeated.  I encourage you to live up to your potential—be a leader
        by example and uphold the highest of standards.*"

42.     At no point does SPC DeRito's Article 15 state he was being placed on aptitude probation.

### III.    The Sexual Assault Report and Subsequent Disenrollment

43.     On or about May of 2009 (before attending Marine OCS), SPC DeRito reported having
        been sexually assaulted. This report was submitted to the Colorado State University police
        department, and Air Force OSI, respectively. However, upon information and belief, no
        one at the USAFA took any action to investigate the claims, no action was taken, and proper
        procedures were not followed by USAFA to investigate SPC DeRito's report of sexual
        assault.

44.     On April 19, 2010 SPC DeRito received a letter stating the process of an involuntary
        Disenrollment from the USAFA was being initiated against him (Exhibit 7).  The reasons
        given for initiating the Disenrollment process were for the Misconduct Allegations.

45.   Under USAFA Instruction 36-2020[1], the Superintendent of the USAFA may disenroll a Cadet for the following reasons: Failure to complete their requirements; don't show potential for commissioned service; failure to abide by established Air Force standards of conduct (36-2020 2.1 through 2.111).

46.   USAFA Instruction 36-2020 also states:  The Air Force identifies such Cadets early and takes proper corrective _or_ separation action promptly (36-2020 2.1.2).

47.   SPC DeRito's Disenrollment hearing was held in May of 2010.

48.   SPC DeRito's past conduct at the USAFA was used against him, despite the prior adjudication of the Misconduct Allegations and despite his agreement to accept the CI Assignment (Exhibit 10).   Lt. Colonel Nelson did not make any recommendations regarding Disenrollment.

49.   The relevant points of the hearing include:

a.   The findings of fact were established despite Agent Michael Munson – who was the investigator for SPC DeRito's Article 15 hearing – stating he believed many of the individuals he interviewed made false claims because they were pressured to by high ranking officers at the USAFA.

b.   No discussion was had pertaining to the Sexual Assault Report.

c.   SPC DeRito's involvement as a CI was not addressed.

---

[1] Due to the broad language of USAFAI 36-2020 this instruction has undergone multiple revisions and has been renamed USAFAI 36-3504.

50. SPC DeRito was officially disenrolled from the USAFA on June 25, 2010 (Exhibit 9), despite the fact that multiple letters of recommendations from both enlisted and active duty Airmen, Soldiers and Marines were written on SPC DeRito's behalf.

    a. No official statement other than the form DD-785, listed as Exhibit 11, was ever given by the USAFA.

    b. Despite finishing his academic requirements, SPC DeRito was not conferred his bachelor's degree.

51. After being disenrolled from the USAFA, SPC DeRito was ordered to pay approximately $260,000 for educational reimbursements and has had his wages garnished (Exhibit 10).

### IV. SPC DeRito's Continued Service and the Falsified Medical Records

52. SPC DeRito never ceased wanting to be a member of the US Armed Services and tried multiple times to enlist – only the Colorado Army National Guard had allowed him to enlist, without any waivers required (Exhibit 11).

53. Since serving in the Colorado Army National Guard SPC DeRito has proven to be a remarkable soldier while attached to the 5th Battalion -19th Special Forces Group.

54. Furthermore, prior to enlisting in the CANG, SPC DeRito had earned an additional undergraduate degree (in addition to his completed studies at the USAFA), a Bachelor of Arts degree, and subsequently afterwards, a Master of Science degree from the University of Colorado at Denver (Exhibit 12).

55. SPC DeRito's outstanding performance had been recognized, and he had begun the process of becoming a Warrant officer in the US Army in order to become a helicopter pilot.

56.   During the final medical screening process to become a Warrant officer, and attend flight school, SPC DeRito was informed that he had received multiple, adverse, Falsified Medical Records from his time at the USAFA.

57.   The Falsified Medical Records were placed on SPC DeRito's record in 2011 – a year after SPC DeRito had left active duty service from the USAFA (Exhibit 13).  The Falsified Medical Records were entered by Defendant Henley Price at Fort Carson (an Army base, and not the Air Force Academy where SPC was stationed at the time), who did not become a licensed psychologist in Colorado until April 16, 2012. Defendant Henley Price is currently stationed at Randolph Air Force Base in San Antonio, TX (Exhibit 14).

58.   SPC DeRito has never met or seen Defendant Henley Price, nor has Defendant Henley Price ever interviewed, or spoken with, SPC DeRito.

59.   The findings set forth in the Falsified Medical Records were contrary to the findings of Dr. Troy Todd, who did treat SPC DeRito during his time at the USAFA after his sexual assault (Exhibit 15).

60.   The CANG has requested records pertaining from the USAFA and has been denied any level of cooperation.

61.   The Falsified Medical Records, the contents of which were created after SPC DeRito's Disenrollment by an unlicensed psychologist, have prevented SPC DeRito from advancing his career as a Warrant officer. As such the false documentation has damaged, and continues to damage, SPC DeRito both financially and personally.

## SPECIFIC CAUSES OF ACTION

## FIRST CAUSE OF ACTION:

## Interference (Intentional & Negligent) with the Performance of a Contract as to the USAFA and "John Does" 1 through 50

62. SPC DeRito incorporates the above allegations as if fully stated herein.

63. Upon completing his courses at the USAFA, SPC DeRito had entered into a contract with the United States Marine Corps to train and serve as an officer with that branch of the military.

64. USAFA knew of this contract between him and the United States Marine Corps as SPC DeRito successfully completed the Bulldog training program held at the USAFA.

65. The USAFA intentionally, and negligently, interfered with the contract between him and the United States Marine Corps when they involuntarily disenrolled him from the USAFA and withheld his bachelor's degree despite finishing all of his courses, and not being accused of any academic dishonesty.

66. USAFA's action in disenrolling SPC DeRito made it impossible for SPC DeRito to perform his contract with the United States Marine Corps.

67. SPC DeRito has been damaged monetarily by this breach, because he was denied pay as an officer in the Marine Corps. and had to pay for classes at the University of Colorado at Denver.

68. The total amount of damages SPC DeRito has incurred will be proven at trial.

## SECOND CAUSE OF ACTION:

### Defamation as to Kristen Nicole Henley Price, the USAFA and "John Does" 1 through 50

69.     SPC DeRito incorporates the above allegations as if fully stated herein.

70.     The named defendants in this matter all made false statements and defamatory facts against SPC DeRito when they reported unfounded and incorrect negative Falsified Medical Records on his medical record.

71.     These statements have been communicated to 3rd parties such as the Colorado Army National Guard.

72.     The statements of negative Falsified Medical Records have jeopardized SPC DeRito's career with the Colorado Army National Guard and has barred him from attending flight school so that he may possibly fly the Apache helicopter for the Utah National Guard.

73.     The statements regarding his mental health are defamation *per se*.

74.     SPC DeRito has been, and continues to be, damaged as a result of the defamatory actions taken by Kristen Nicole Henley Price, the USAFA and "John Does" 1 through 50.

## THIRD CAUSE OF ACTION:

### Negligence as to Kristen Nicole Henley Price, the USAFA and "John Does" 1 through 50

75.     SPC DeRito incorporates the above allegations as if fully stated herein.

76.     Kristin Nicole Henley Price, as a psychologist, generally owes her patients a duty of care.

77. SPC DeRito believes and alleges that the duty of care should only diagnose patients, or other individuals, she can ethically diagnose with mental health issues when there is clear and convincing evidence so support such a diagnosis.

78. The USAFA, and "John Does" 1 through 50 owe their students, junior officers and enlisted personnel, a duty of care.

79. SPC DeRito believes and alleges that the USAFA must ensure that only verifiable information regarding the mental & physical health of students, junior officers and enlisted personnel, in the Air Force or other sister branches should be placed in their medical records.

80. Defendant Henley Price breached the duty owed to SPC DeRito when she caused negative, Falsified Medical Records to be reported on his official medical records. These records were falsified a full 13 months after SPC DeRito was involuntarily disenrolled from the USAFA, when she failed to interview or supervise any mental health testing done on SPC DeRito.

81. The USAFA and "John Does" 1 through 50, breached their duty to SPC DeRito while he was a Cadet, and as a soldier in the Colorado Army National Guard, when they ordered, and/or subsequently allowed, for negative Falsified Medical Records to be placed in his medical record.

82. For the breaches in paragraphs set forth herein, SPC DeRito would not have been denied the ability to train, and potentially fly Apache helicopters, for the Utah Army National Guard.

83.    Flying Apache helicopters would mean SPC DeRito is promoted to the rank of Warrant Officer, and see an increase in his pay, but this is now denied to him.

84.    SPC DeRito will prove the amount of pay denied him at the time of trial.

## FOURTH CAUSE OF ACTION:

### Fraud as to Kristen Nicole Henley Price

85.    SPC DeRito incorporates the above allegations as if fully stated herein.

86.    Defendant Henley Price, and other actors, knowingly created and allowed the submission the Falsified Medical Records to be reported in SPC DeRito's medical file.

87.    The false statements made by Defendant Henley Price in the Falsified Medical Records have induced the recipients of the false statements to act or refrain from acting.

88.    Upon information and belief, Defendant Henley Price's actions in preparing and submitting Falsified Medical Records, were reckless or intentional and without regard to their consequences and with an intent to deceive.

89.    SPC DeRito has been, and continues to be, damaged as a result of Defendant Henley Price's actions in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION:

### Civil Conspiracy to Defame as to Kristen Nicole Henley Price and the USAFA

90.    SPC DeRito incorporates the above allegations as if fully stated herein.

91.    Defendant Henley Price & other actors knowingly created and allowed the submission of the Falsified Medical Records to be reported in SPC DeRito's medical file.

92.    The named defendants in this matter all made defamatory statements against SPC DeRito when they reported unfounded and incorrect negative Falsified Medical Records on his medical record.

93.    These statements have been communicated to third parties, such as the Colorado Army National Guard.

94.    The statements of negative Falsified Medical Records have jeopardized SPC DeRito's career with the Colorado Army National Guard and has barred him from attending flight school so that he may possibly fly the Apache helicopter for the Utah Army National Guard.

95.    The false statements regarding SPC DeRito's mental health is defamation per se.

96.    Upon information and belief, Defendant Henley Price and agents or representatives of USAFA conspired to defame and harm SPC DeRito through the creation and publication of the false and/or misleading statements contained in the Falsified Medical Records.

97.    Upon information and belief, the creation and publication of the Falsified Medical Records was done as result of a meeting of the minds between the USAFA, SPC DeRito's chain of command at the time, and Defendant Henley Price and to defame SPC DeRito.

98.    SPC DeRito was, and continues to be, damaged as a result of the unlawful actions of the USAFA and Defendant Henley Price.

## SIXTH CAUSE OF ACTION:

### Civil Conspiracy to Commit Fraud as to Kristen Nicole Henley Price and the USAFA

99.    SPC DeRito incorporates the above allegations as if fully stated herein.

100.   Defendant Henley Price & other actors knowingly created, and allowed the submission of, the Falsified Medical Records to be reported in SPC DeRito's medical file.

101.   Upon information and belief, the false statements made by Defendant Henley Price has induced the recipients of the false statements to act or refrain from acting.

102.   Upon information and belief, Defendant Henley Price's actions in preparing and submitting the Falsified Medical Records, were reckless or intentional and without regard to their consequences and with an intent to deceive.

103.   Upon information and belief, Defendant Henley Price and agents or representatives of USAFA conspired to defame and harm SPC DeRito through the creation and publication of the false or misleading statements contained in the Falsified Medical Records

104.   Upon information and belief, the creation and publication of the Falsified Medical Records was done as result of a meeting of the minds between the USAFA, SPC DeRito's chain of command at the time and Defendant Henley Price, to defraud SPC DeRito and the recipients of the Falsified Medical Records.

105.   SPC DeRito was, and continues to be, damaged as a result of the unlawful actions of the USAFA and Defendant Henley Price.

## SEVENTH CAUSE OF ACTION:

### Unlawful Discharge as to the USAFA and "John Does" 1 through 50

106.    SPC DeRito incorporates the above allegations as if fully stated herein.

107.    SPC DeRito was involuntary disenrolled and discharged from the USAFA, and subsequently the United States Air Force, because of arbitrary, capricious, and abusive actions taken on behalf of the USAFA and "John Does" 1 through 50.

108.    The involuntary Disenrollment undertaken by the USAFA and "John Does" 1 through 50, was based on information gleamed from an improper investigation, a coerced confession, improper use of past actions, and use of incorrect Falsified Medical Records

109.    Upon information and belief, other Cadets had committed multiple, pervasive and more serious infractions than SPC DeRito, but were never subjected to involuntary disenrollment. SPC DeRito alleges and believes that such selective prosecution was arbitrary and selective in nature, thus violating his right to due process.

110.    Upon information and belief, the involuntary Disenrollment proceedings were initiated and completed in violation of the USAFA policies.

111.    Thus, SPC DeRito requests declaratory relief for this cause of action, and that he be awarded his Bachelor of Science degree, and that he be made eligible to be commissioned as an officer in the armed services.

**EIGHTH CAUSE OF ACTION:**

**Declaratory Judgment**

112.   SPC DeRito incorporates the above allegations as if fully stated herein.

113.   Pursuant to 28 U.S.C. § 220:

In a case of actual controversy within its jurisdiction, except with respect to Federal

taxes other than actions brought under **section 7428 of the Internal Revenue Code**

**of 1986 [26 USCS § 7428]**, a proceeding under section 505 or 1146 of title 11, or

in any civil action involving an antidumping or countervailing duty proceeding

regarding a class or kind of merchandise of a free trade area country (as defined in

section 516A(f)(10) of the Tariff Act of 1930 [**19 USCS § 1516a(f)(10)**]), as

determined by the administering authority, any court of the United States, upon the

filing of an appropriate pleading, may declare the rights and other legal relations of

any interested party seeking such declaration, whether or not further relief is or

could be sought. Any such declaration shall have the force and effect of a final

judgment or decree and shall be reviewable as such.

114.   Fed. R. Civ. P.  57 and 28 U.S.C. §220, *et seq.* permit courts to declare rights, status and

other legal realities.

115.   SPC DeRito requests that this Court enter a judgment declaring that USAFA improperly

disenrolled SPC DeRito from the USAFA and order that SPC DeRito be conferred his duly

earned Bachelor of Science degree from the USAFA and corresponding eligibility to be

commissioned as an officer in the United States Army.

116.    SPC DeRito requests that this Court enter a judgment declaring that, because SPC DeRito

fulfilled all obligations required to graduate from the USAFA, that all amounts garnished

for educational reimbursements be returned to SPC DeRito, with interest.

117.    In requesting this Declaratory Relief, SPC DeRito requests an interpretation of rights, legal

status and relationships between the parties under the above law and facts.

**WHEREFORE**, Plaintiff, SPC DeRito makes the following requests for relief:

1.      An order directing the USAFA to award SPC DeRito his Bachelor of Science Degree;

2.      An order directing the USAFA to pay monetary damages in an amount to be proven at trial;

3.      An order directing the USAFA to be make SPC DeRito eligible, and if so desired by SPC

DeRito, to be commissioned as an officer in the United State Army;

4.      An order directing the USAFA to pay back-pay to SPC DeRito that he would have received

if allowed to be commissioned and serve as an officer in the United States Marine Corps;

5.      An order directing the USAFA to reimburse SPC DeRito for all money paid to the

Department of Defense, Department of the Air Force, or any other entity for tuition while

at the USAFA.

6.      An order directing the USAFA to reimburse SPC DeRito all legal expenses incurred since

January of 2010 as a result of actions taken by the USAFA.

**PLAINTIFF REQUESTS A TRIAL TO A JURY OF HIS PEERS AS TO ALL MATTERS**

**RAISED HEREIN.**

Respectfully submitted this 26th day of June 2018.

CANTAFIO LAW, P.C.


By: *s/ Clayton W. Barnett*
    Clayton W. Barnett, Esq. #36300
    1875 Lawrence St. Suite 730
    Denver, CO 80202
    Telephone: (303) 292-4567
    Fax No.: (303) 292-4568
    Email:  clay@cantafiolaw.com


THE LAW OFFICES OF MATTHEW J. GREIFE


By: *s/ Matthew J. Greife*
    Matthew J. Greife, Esq. #43487
    1550 Wewatta Street - 2nd Floor
    Denver, CO 80202
    Telephone: (720) 974-9790
    Fax No.: (303) 952-0574
    Email:  mattgreifelaw@gmail.com


Plaintiff's Address:

SPC Adam DeRito
16111 County Road 49
La Salle, CO 80645